761 F.2d 546
 John Michael POLAND, Lead Underwriter For Those Certain
Underwriters at Lloyds, London Subscribing to
Policies Numbered HJ 27213 and HJ 27214,
Plaintiff/Counterdefendant/Appellee,
v.
Dean Paul MARTIN and Dorothy Hamill Martin,
Defendants/Counterclaimants/Appellants.
 No. 84-5739.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 7, 1985.
Decided May 21, 1985.
 
 Alan G. Buckner, Stuart L. Brody, Simon, Buckner, Haile & Migdal, Marina Del Rey, Cal., for plaintiff/counterdefendant/appellee.
 William Z. Elliott, Irwin & Rowan, Los Angeles, Cal., for defendants/counterclaimants/appellants.
 On appeal from the United States District Court for the Central District of California.
 Before BOOCHEVER and BEEZER, Circuit Judges, and HARDY,* District Judge.
 BOOCHEVER, Circuit Judge:
 
 
 1
 The Martins appeal the district court's decision that they are not entitled to reimbursement under insurance contracts with Lloyds for jewelry stolen from Dorothy Hamill Martin (Hamill). We find that the district court correctly held that Hamill failed to comply with the hotel restriction of the policies, and we therefore affirm.
 
 FACTS
 
 2
 Hamill and Martin insured Hamill's jewelry, valued at $365,994.00, with Underwriters at Lloyds. The policies included two exclusions from coverage: jewelry stolen from baggage and jewelry stolen from a hotel unless the jewelry was placed in a safe or "attended by" the insured. Hamill took the jewelry with her during a five day stay at the Pacific Plaza Hotel in San Francisco. She did not place the jewelry in the hotel safe, but kept it in her room in a locked jewelry case. On December 23, 1982, prior to leaving the hotel, Hamill placed the jewelry case in a suitcase and hid the suitcase under a bureau in her room. While she was gone, a hotel maid allowed a stranger, who falsely claimed that it was his room, to enter the room and remain there alone. When Hamill returned to the hotel, the suitcase, and with it all her jewelry, had been stolen.
 
 
 3
 The Martins filed a notice of loss and claim under their policies. Lloyds refused payment and sought a declaratory judgment that the loss was excluded from coverage under the baggage and hotel restrictions of the policies. The district court had diversity jurisdiction over this suit between citizens of a foreign state and of the State of California. 28 U.S.C. Sec. 1332(a)(2) (1982). Martin and Hamill counterclaimed for breach of Lloyds' statutory and contractual duties. Lloyds moved for summary judgment, which the district court granted, and the Martins appeal.
 
 DISCUSSION
 A. Standard of review
 
 4
 We review a grant of summary judgment de novo. M/V American Queen v. San Diego Marine Construction Corp., 708 F.2d 1483, 1487 (9th Cir.1983). We will affirm if, viewing the evidence in the light most favorable to the party opposing the motion, we find no genuine issue of material fact and determine that the moving party was entitled to judgment as a matter of law. Id.
 
 B. Issues of fact
 
 5
 The Martins identified five purported issues of fact in their opposition to summary judgment: (1) whether Hamill exercised due diligence in guarding her jewelry; (2) whether Hamill acted reasonably and prudently to guard her jewelry; (3) what was the proper construction of the word "attend" in the hotel exclusion of the policy; (4) what was the proper construction of the baggage exclusion of the policy; and (5) whether the action of a hotel employee who let an unknown man into Hamill's room was a concurrent cause of the theft which took it out of the exclusions.
 
 
 6
 Issues one and two would be relevant only if Hamill could have complied with the hotel restriction without being physically present in her room. As explained below, we hold that the word "attend" requires physical presence, and therefore precautions taken by Hamill other than physical presence are not material facts. Issues three and four are, as discussed below, issues of law, not fact. Issue five similarly will not preclude summary judgment because even accepting the Martins' theory that the hotel was negligent, we find that as a matter of law the concurrent cause doctrine is inapplicable in this case. We find, therefore, that there were no genuine issues of material fact presented.
 
 C. The policy restrictions
 
 7
 Whether a term in an exclusion clause of an insurance contract is ambiguous is a question of law, not of fact. Potter v. Ranger Insurance Co., 732 F.2d 742, 743 (9th Cir.1984) (per curiam). Under California law, which we apply in this diversity action, words used in an insurance contract are to be given the plain meaning that a lay person would normally attach to them. Endo Laboratories, Inc. v. Hartford Insurance Group, 747 F.2d 1264, 1268 (9th Cir.1984) (applying California law). A court should not strain for interpretations to create ambiguities where none exist. Reserve Insurance Co. v. Pisciotta, 30 Cal.3d 800, 807, 640 P.2d 764, 767-68, 180 Cal.Rptr. 628, 631-32 (1982). If there is an ambiguity, however, it should be resolved against the insurer and in favor of coverage, particularly if the ambiguous term is in an exclusion clause. Id. at 807-08, 640 P.2d at 768, 180 Cal.Rptr. at 632. The court may look to dictionary definitions of the ambiguous term, and if there is a range of reasonable meanings, the court must apply the meaning which provides the most coverage for the insured. See id. at 810-11, 640 P.2d at 769-70, 180 Cal.Rptr. at 633-34; Century Bank v. St. Paul Fire & Marine Insurance Co., 4 Cal.3d 319, 321-22, 482 P.2d 193, 194-95, 93 Cal.Rptr. 569, 570-71 (1971).
 
 
 8
 The Martins' insurance policies contain the following restriction: "This insurance excludes loss of or damage to any item of jewelry valued at $1000.00 or more while on the premises of hotels, motels, resorts or health facilities unless the said jewelry is attended by the assured or is contained in a locked safe or vault." Hamill's jewelry was stolen from hotel premises, and she had not placed it in a vault or safe. Therefore unless the jewelry was "attended by" one of the Martins, they are not entitled to coverage.
 
 
 9
 The Martins argue that the language of the hotel restriction is ambiguous, and urge us to apply the California ambiguity rules described above. The Martins assert that one of the possible meanings of "attend," to look after,[1] may be accomplished without physical presence, as by taking precautions such as hiding the jewelry. Because California law requires us to apply the meaning which provides the most coverage, the Martins contend that we must adopt this meaning and hold that Hamill did in fact "attend" her jewelry. We do not do so, however, for we agree with the district court that the phrase "unless the said jewelry is attended by the assured or is contained in a locked safe or vault" (emphasis added) is not ambiguous.
 
 
 10
 Initially, we note that the Martins' brief erroneously states the language of the exclusion. The brief indicates that the exclusion applies unless the jewelry is "attended to " by the assured. The actual language, as stated above, is "attended by " the assured. If the phrase were "attended to" the Martins might plausibly argue that it could as easily mean look after without physical presence as be physically present. When, however, the word "attended" is followed by the words "by the assured," we find that it should have plainly indicated to the Martins that they were required to be physically present with their jewelry unless it was put in a safe.
 
 
 11
 Lloyds further argues that the baggage exclusion of the policies applies to prevent coverage. Because we find that the hotel exclusion applies, we need not address this argument. Similarly, we need not address the Martins' argument that Hamill "substantially complied" with the hotel restriction by hiding her jewelry, for that argument is based on the theory that the restriction does not plainly require physical proximity, and we have found otherwise.
 
 D. Concurrent causation
 
 12
 The Martins argue that even if the hotel restriction applies, the California courts would still find coverage under the concurrent cause doctrine. See generally Safeco Insurance Co. of America v. Guyton, 692 F.2d 551, 554-55 (9th Cir.1982) (applying California law). Under California law, if a loss is caused by two different risks, each of independent origin, one of which is excluded under the policy and one of which is not excluded, the loss is covered. State Farm Mutual Automobile Insurance Co. v. Partridge, 10 Cal.3d 94, 102-05, 514 P.2d 123, 129-31, 109 Cal.Rptr. 811, 817-19 (1973); see Safeco, 692 F.2d at 554-55 & nn. 1, 3 (collecting California cases). The Martins argue that there are two concurrent causes of theft in this case: Hamill's failure to either remain with her jewelry or put it in the hotel safe, and the hotel maid's negligence in letting a stranger into Hamill's room. The Martins contend that Hamill's failure to take precautions was an excluded risk, but that the maid's negligence was not. Because that negligence was not caused by Hamill's actions, it was an independent concurrent cause of the loss, and the policy covers the loss.
 
 
 13
 The flaw in this argument is that the cases on which it is based all addressed policies that excluded losses arising out of specified risks. Those cases held that if the loss arose out of both an excluded and nonexcluded risk, it was covered. See Safeco, 692 F.2d at 554-55 & nn. 1, 3. In this case, the hotel restriction does not exclude losses arising out of a specified risk. Rather, it imposes a duty on the insured which is a condition precedent to recovery regardless of the actual cause of the loss. Thus, the concurrent cause doctrine is inapposite here, and will not allow the Martins to recover.
 
 
 14
 We find that the Martins did not comply with the hotel restriction, which required them to place their jewelry in the hotel safe when they were not present with the jewelry. The loss of the jewelry is not covered by the policies. We further find that the concurrent cause rule is inapposite in this case. The decision of the district court is therefore
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Charles L. Hardy, United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 We note the following dictionary meanings for "attend" as a transitive verb:
 1: to direct the attention to: fix the mind upon: give heed to: listen to ... 2: to look after: take charge of: watch over the working of [3 archaic] 4: to go or stay with as a companion, nurse, or servant: visit professionally as a physician: accompany in order to do service ... [5 obsolete] 6: to be present with ... 7: to be present at.
 Webster's Third New International Dictionary 140 (1976).