Berry GALLON, Plaintiff-Appellant,

v.

LEVIN METALS CORPORATION, et al., Defendants-Appellees.

Robert E. HANSTEN, Plaintiff-Appellant,

v.

UNITED AIRLINES, INC., et al., Defendants-Appellees.

Nos. 85–1769, 85–1814.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 12, 1985.

Decided Jan. 7, 1986.

Roger A. Purdon, Berkeley, Cal., for Gallon.

William K. Richardson, Louis D. Silver, San Jose, Cal., for Hansten.

Michele A. Ballard, Pettit & Martin, San Francisco, Cal., for Levin Metals.

Paul D. Supton, Van Bourg, Weinberg, Roger & Rosenfell, San Francisco, Cal., for Indus. Iron & Metal Processing Workers Union, Local # 1088.

Christopher D. Cameron, Robert A. Bush, Taylor, Roth & Bush, Los Angeles, Cal., for International Assoc. of Machinists and Aerospace Workers District Lodge 141.

John B. Marchant, Lisa S. Spann, Sedwick, Detert, Moran & Arnold, San Francisco, Cal., for United Airlines.

Before WALLACE, ANDERSON and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge.

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 155, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month statute of limitations found in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to an employee's suit against an employer and a union alleging the employer's breach of a collective bargaining agreement and the union's breach of its duty of fair representation. These two consolidated cases present the question whether the six-month service requirement of section 10(b) similarly applies to such "hybrid" suits. We hold that it does and therefore affirm the district court's grant of summary judgment in favor of the appellees, the unions and the employers.

## STANDARD OF REVIEW

We review a grant of summary judgment *de novo* and will affirm if, viewing the evidence in the light most favorable to the party opposing the motion, we find no genuine issue of material fact and determine that the moving party was entitled to judgment as a matter of law. *Poland v. Martin*, 761 F.2d 546, 547 (9th Cir.1985).

## DISCUSSION

The record, viewed in the light most favorable to appellant employees, reveals that although they filed their complaints within the six-month statute of limitations period, no complaint was *served* within the six-month period. The only question before us, therefore, is whether the failure to serve appellees within the six-month period bars the employees' action.

In *DelCostello*, the Court was faced with the lack of a uniform statute of limitations for hybrid actions by an employee. Rather than adopting a state statute of limitations, the Court adopted a provision of the National Labor Relations Act ("NLRA") pertaining to the time for filing an unfair labor practice charge with the National Labor Relations Board. 462 U.S. at 169–72, 103 S.Ct. at 2293–94. Section 10(b) of the NLRA provides:

> [N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made.

29 U.S.C. § 160(b). The Court felt that this statute provided a closer analogy than state statutes of limitations because of the similarity of "hybrid" suits to unfair labor practice charges and because of the similarity of "considerations relevant to the choice of a limitations period." 462 U.S. at 170–71, 103 S.Ct. at 2293–94. The Court stated:

> In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system. That is precisely the

balance at issue in this case.... Accordingly, '[t]he need for uniformity' among procedures followed for similar claims, as well as the clear congressional indication of the proper balance between the interests at stake, counsels the adoption of § 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this.

*Id.* at 171, 103 S.Ct. at 2294 (citing *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 70–71, 101 S.Ct. 1559, 1567–68, 67 L.Ed. 2d 732 (1981) (Stewart, J. concurring)) (citations omitted).

These considerations seem to counsel the adoption of the six-month service requirement as well. While the Court in *DelCostello* did not specifically address the timing of service in hybrid suits, we note that section 10(b) expressly requires both filing *and* service within a six-month period. *See N.L.R.B. v. Local 264, Laborers International Union,* 529 F.2d 778, 782 (8th Cir. 1976) ("The statute is clear in providing that a charge must not only be filed, it must also be served within the prescribed six month period."), *quoted in Howard v. Lockheed-Georgia Co.,* 742 F.2d 612, 614 (11th Cir.1984) (per curiam) (holding six month service requirement applies to hybrid actions). Because the Court in *DelCostello* seemingly adopted section 10(b) *in toto,* we would be remiss were we to eliminate the service requirement.

The Eleventh Circuit found these reasons persuasive and has consistently held that in addition to the filing requirement, the six-month service limitation of section 10(b) applies in hybrid cases. *See Williams v. Greyhound Lines, Inc.,* 756 F.2d 818, 820 (11th Cir.1985); *Dunlap v. Lockheed-Georgia Co.,* 755 F.2d 1543, 1544 (11th Cir.1985); *Simon v. Kroger Co.,* 743 F.2d 1544, 1546 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985); *Howard v. Lockheed-Georgia Co.,* 742 F.2d at 614. We believe that the uniformity sought by the Court in *DelCostello* would be further served by following the Eleventh Circuit's approach.

Accordingly, a hybrid action alleging breach of a collective bargaining agreement by an employer and a breach of fair representation by a union must be filed and served within six months of the action's accrual. Summary judgment granted appellees in both cases is therefore affirmed.

AFFIRMED.