802 F.2d 1190
 123 L.R.R.M. (BNA) 3179, 124 L.R.R.M. (BNA) 2354,
105 Lab.Cas. P 12,082
 Francis LACINA, David Galbraith, Bill Knight, George Craig,
Ted Edwards, Charles Beeson, Donald Evans, Robert Beck, Lou
Resinger, Andrew Rogers, Buck Germany, Dan Kelley, Marvin
Gates, Wilburt Bond, William Gonzales, Lester Dixon, Frank
Matney, and Rick Bernas, Plaintiffs-Appellants,
and
Petersen & Ferguson, Appellant,
v.
G-K TRUCKING; General Cable; Penn-Central Corp.; G-K
Technologies; Eastern Carriers; and Robert
Jensen, Defendants-Appellees.
 No. 85-5728.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 8, 1986.
Decided Oct. 21, 1986.
As Amended Dec. 30, 1986.
 
 Peter J. Ferguson, Santa Ana, Cal., for plaintiffs-appellants.
 David Cathcart, Newport Beach, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before KENNEDY, BEEZER and HALL, Circuit Judges.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 Plaintiffs-appellants, employees of GK Trucking, appeal from the district court's award of summary judgment in favor of defendant-appellee GK Trucking. Plaintiffs' counsel, Peterson & Ferguson, appeals from the imposition of a $1,000 sanction. We affirm the grant of summary judgment and reverse the $1,000 sanction imposed on counsel.
 
 
 2
 * Plaintiffs brought this action under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (section 301). Plaintiffs claim that GK Trucking violated the terms of the 1979-82 National Master Freight Agreement and two riders to the agreement by closing its Montebello, California terminal. The February 2, 1981 "Concessions Rider" gave GK Trucking the right to maintain a separate terminal which paid lower wages, required GK Trucking to keep the Montebello terminal open, and allowed GK Trucking to provide work through the second terminal only if all Montebello terminal employees were working. The July 27, 1981 "Systems 99 Rider" provided that GK Trucking would not reduce the number of employees at the Montebello terminal absent economic necessity.
 
 
 3
 In October and November of 1981, GK Trucking laid off eleven employees at the Montebello terminal. The union thereupon filed a grievance on behalf of these employees. In March of 1982, the Montebello terminal employees refused further concessions, and the Montebello facility was closed on April 16, 1982. No grievance regarding the closing of the Montebello terminal was filed. On November 10, 1982, the grievance of the eleven laid-off employees was decided in favor of GK Trucking.
 
 
 4
 In this action, the district court granted summary judgment in favor of GK Trucking on the basis of the relevant statute of limitations, finding that plaintiffs knew or should have known, on or before June 3, 1982, that the union was not going to proceed with a grievance in regard to the Montebello closing. The district court also imposed a $1,000 sanction on plaintiffs' counsel, finding that he violated Fed.R.Civ.P. 11.
 
 II
 
 5
 We review the district court's grant of summary judgment de novo, Gallon v. Levin Metals Corp., 779 F.2d 1439, 1440 (9th Cir.1986), and affirm.
 
 
 6
 The six-month statute of limitations for unfair labor practices contained in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), applies in section 301 actions. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-71, 103 S.Ct. 2281, 2293-94, 76 L.Ed.2d 476 (1983).[1] Plaintiffs' cause of action was filed December 3, 1982,[2] so we must determine whether plaintiffs' claims accrued on or before June 3, 1982.
 
 
 7
 A section 301 cause of action for failure to pursue a grievance accrues when the plaintiff knew or should have known that the union was not going to pursue a grievance on his behalf. Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir.1986). We agree with the district court's conclusion that, on or before June 3, 1982, as a matter of law, plaintiffs knew or should have known of the union's decision not to pursue a grievance regarding the Montebello terminal closing.
 
 
 8
 By letter dated May 17, 1982, the union informed Walter Bache, the union steward for the Montebello terminal, as follows:
 
 
 9
 This is in reply to your letter regarding negotiations and closure of the G-K Trucking operation.
 
 
 10
 This Local Union held two meeting [sic] with the drivers and submitted the Company's final proposal. Both times the proposal was voted down by the drivers.
 
 
 11
 The Company put in for a change of operations to close down their trucking operation. This was heard and approved by the Change of Operations Committee at the Joint Western Area Committee hearings held in San Diego last week.
 
 
 12
 We reminded the Company they are still bound by the Agreement until its expiration date, and should any trucking operation be resumed, our contract will apply.
 
 
 13
 We are very sorry that nothing could be done to save the jobs of our members, but as I stated above, the proposals were voted down, and the Company simply would not reconsider.
 
 
 14
 Bache testified at his deposition that he contacted some plaintiffs regarding the contents of the May 17 letter, and informed others of the letter when they contacted him. In the context of information available at that time and the lack of union action prior to the letter, the letter was strong evidence that the union was not going to take further action regarding the Montebello terminal closing.
 
 
 15
 Several plaintiffs testified at depositions that, sometime between the Montebello terminal closing on April 16, 1982 and early in May of 1982, they became aware that the union would not file a grievance on their behalf in regard to the closing. Others testified that they were not sure whether the union was going to pursue a grievance or not, or that they "believed" the union was not going to take any action.
 
 
 16
 Under these circumstances, even if some of the plaintiffs lacked actual knowledge that the union was not going to file a grievance over the Montebello terminal closing, the district court correctly found that all plaintiffs knew or should have known, on or before June 3, 1982, that no union action was forthcoming.[3] See Galindo, 793 F.2d at 1509. See also Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir.1983) (considering what reasonably diligent plaintiff would have discovered in determining accrual date), cert. denied, 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984).III
 
 
 17
 Because the facts which caused the district court to impose sanctions are not in dispute, we review the district court's conclusion that plaintiffs' counsel violated Fed.R.Civ.P. 11 de novo, Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986), and reverse.
 
 Rule 11 provides in pertinent part:
 
 18
 The signature of an attorney [on a pleading, motion, or other paper] ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 
 
 19
 Subjective bad faith is not an element of a Rule 11 violation, it is enough if the paper at issue lacks a basis in fact or a good faith argument in law, or needlessly increases litigation. Zaldivar, 780 F.2d at 830-32.
 
 
 20
 Plaintiffs' counsel did not violate Rule 11 in filing the February 11, 1985 Supplemental Authority in Opposition to Defendant's Motion for Reconsideration. First, the November 10 filed and rejected complaint, attached as an exhibit to previous papers in opposition to defendants' motion to reconsider, provides the factual basis for counsel's argument. In the Supplemental Authority, plaintiffs' counsel specifically referred to the previous declaration of counsel, the rejected complaint, and their location in the record.
 
 
 21
 Second, plaintiffs' reliance on Loya, 721 F.2d at 281, for the proposition that the rejected November 10 complaint constituted a filing for statute of limitations purposes was then a good faith legal argument. At the time plaintiffs' Supplemental Authority was filed, we had not yet held that a section 301 complaint must be filed and served within the six-month limitations period. See Gallon, 779 F.2d at 1440-41.
 
 
 22
 Third, although the district court was initially confused by the November 10 date in the Supplemental Authority, the matter was cleared up at oral argument. Thus, this is not a case in which a misstatement of fact has increased the costs of litigation to the opposing party. See, e.g., In re National Student Marketing Litigation, 78 F.R.D. 726, 731 & n. 13 (D.D.C.1978), aff'd sub nom. Lipsig v. National Student Marketing Corp., 663 F.2d 178 (D.C.Cir.1980). Moreover, there is no indication that the Supplemental Authority was filed for an improper purpose.
 
 IV
 
 23
 We therefore affirm the district court's grant of summary judgment in favor of GK Trucking but reverse the district court's imposition of sanctions against plaintiff's counsel. All parties are to bear their own costs of appeal.
 
 
 24
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 [1]
 Petitioners argue that retroactive application of Del Costello is unwarranted in this case. But petitioners correctly state that retroactive application of Del Costello is proper when it lengthens the period for filing. See, e.g., Kelly v. International Brotherhood of Elec. Workers, 803 F.2d 516, 518 (9th Cir. 1986); Aragon v. Federated Dep't Stores, Inc., 750 F.2d 1447, 1451 (9th Cir. 1986); Glover v. United Grocers, Inc., 746 F.2d 1380, 1382 (9th Cir. 1984); Edwards v. Teamsters Local Union No. 36, 719 F.2D 1036, 1040 (9th Cir. 1983) cert. denied, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). See also Acri v. International Assoc. of Machinists & Aerospace Workers District Lodge 115, 781 F.2d 1393, 1396 (9th Cir. 1986); McNaughton v. Dillingham Corp., 722 F.2d 1459, 1460-62 (9th Cir. 1984) (McNaughton II) (denying petition for rehearing). This is precisely what happened in this case: The period was lengthened, from 100 days (under state law as mandated by United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) to six months. Petitioners arguments against retroactive application of Del Costello are thus without merit
 
 
 [2]
 A law clerk for plaintiffs' counsel mistakenly filed a complaint on behalf of plaintiffs on November 10, 1982. The complaint was received and returned by the district court, but never served on defendants. Relying on this court's decision in Loya v. Desert Sands Unified School District, 721 F.2d 279, 281 (9th Cir.1983), plaintiffs argue that the filed and rejected complaint was "filed" for statute of limitation purposes. We have since held, however, that a section 301 action must be filed and served within the six-month limitations period. Gallon v. Levin Metals Corp., 779 F.2d 1439, 1440-41 (9th Cir.1986), petition for cert. filed, 54 U.S.L.W. 3763 (U.S. May 7, 1986) (No. 85-1839). Because the November 10 complaint was never served, it does not mark the date of the filing of plaintiffs' action for purposes of the statute of limitations
 
 
 [3]
 The grievance proceeding concerning the eleven laid-off employees does not affect accrual in this case because that proceeding did not concern the closing of the Montebello terminal. See Galindo, 793 F.2d at 1510 n. 5. The layoffs at issue took place in October and November of 1981, and the grievance was filed on December 9, 1981. Although the grievance sought "continuing relief," this cannot reasonably be construed to include claims in regard to the closing the Montebello terminal on April 16, 1982