**Francis LACINA, et al.,
Plaintiffs–Appellants,**

v.

**G–K TRUCKING, et al.,
Defendants–Appellees.**

No. 88–5958.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1989.

Decided April 25, 1989.

As Amended on Denial of
Rehearing July 17, 1989.

Gregory G. Petersen and Larry J. Roberts, Petersen and Trott, Santa Ana, Cal., for plaintiffs-appellants.

David A. Cathcart, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants-appellees.

Before SCHROEDER, FLETCHER and TROTT, Circuit Judges.

SCHROEDER, Circuit Judge:

This procedurally unique case involves repeated attempts by the plaintiff employees to file a timely, yet not premature, complaint against their employer for breach of their collective bargaining agreement. The case arises against a historical background of unusual uncertainty regarding time requirements in section 301 cases.

This is the second appeal to this court in this case. Our original decision affirmed the district court's dismissal of the case on statute of limitations grounds. *Lacina v. G–K Trucking,* 802 F.2d 1190 (9th Cir. 1986). We did not decide in that appeal whether a timely complaint had been filed

because we observed that even if it had been filed, the complaint had not been served within the six-month statute of limitation period as then required by our circuit law. *Lacina v. G–K Trucking*, 802 F.2d at 1192 n. 2. The Supreme Court reversed our decision and remanded for reconsideration in light of *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), which held that there is no requirement that a section 301 complaint be served within the six-month statute of limitations period, so long as it is filed within that period and served within a reasonable time after filing. *Lacina v. G–K Trucking*, 483 U.S. 1002, 107 S.Ct. 3224, 97 L.Ed.2d 731 (1987).

We in turn remanded to the district court, 822 F.2d 51, which once again dismissed the action, this time on the ground that the complaint was not timely filed. Plaintiffs once again appeal. We hold in the unusual circumstances of this now six-year-old litigation that the plaintiffs constructively filed their complaint within the statutory period and are entitled to their day in court. We therefore reverse and remand to the district court for consideration of the merits of their claims.

The unusual circumstances are as follows. Plaintiffs originally attempted to file this action on November 10, 1982. There is now no question that such a filing, had it been accepted, would have been timely. The district court clerk's office, however, returned the complaint because it violated a local rule then in existence prohibiting the use of fictional Doe defendants in complaint captions.

The plaintiffs refiled the complaint, without the offending Doe defendants in the caption, on December 3, 1982. Plaintiffs did so after efforts to ensure that they had exhausted all contract remedies with the union and were not filing the complaint prematurely. Service of that complaint was effected promptly. The district court held that the plaintiffs' causes of action accrued no later than mid-May, 1982, and the December 3 filing was therefore untimely.

In the first appeal, plaintiffs argued, as a fall back position in the event we agreed the cause of action had accrued in May 1982, that we should follow our decision in *Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279, 281 (9th Cir.1983), and hold that there had been a timely constructive filing of the complaint on November 10. We affirmed the dismissal on the ground that, even if there had been a constructive filing of the complaint on November 10, that filing was irrelevant because the applicable law required both filing and service of a complaint within the six-month period.[1] *Lacina v. G–K Trucking*, 802 F.2d 1190, 1192 n. 2 (9th Cir.1986). In that statement we soon were shown to have been in error, for the Supreme Court shortly thereafter held that service need not be effected within the six-month period, but only within a reasonable time after filing of the complaint in accordance with Fed.R. Civ.P. 4. *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). Upon plaintiffs' petition for certiorari, the Supreme Court therefore vacated our decision and remanded. *Lacina v. G–K Trucking*, 483 U.S. 1002, 107 S.Ct. 3224, 97 L.Ed.2d 731 (1987).

On our remand to the district court, the district court agreed with the defendants that the attempt to file a complaint on November 10 should be disregarded because the plaintiffs did not attempt to refile the complaint until December 3, after making inquiries of the union concerning whether grievance remedies had been exhausted. We do not see that as a sound basis for ignoring the November 10 filing, which the district court clerk should not have rejected. We have previously held that in order to prevent formal requirements in local rules from becoming jurisdictional barriers to the filing of timely complaints, complaints which are tendered but rejected on the basis of such rules should be regarded as having been constructively filed. *See Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279, 280–81 (9th Cir.1983) (complaint was constructively filed although rejected by clerk because

---

**1.** In the earlier appeal we also reversed the district court's imposition of sanctions against plaintiffs' counsel for the plaintiff's reliance on the November 10 filing.

typed on the wrong size paper); *United States v. Dae Rim Fishery*, 794 F.2d 1392, 1395 (9th Cir.1986) (complaint timely filed although rejected for improper form of summons); *Cintron v. Union Pacific Railroad Co.*, 813 F.2d 917, 920–21 (9th Cir. 1987) (complaint timely filed although rejected because filing fee was overpaid).

There is no question that plaintiffs at all times were attempting to file a timely action. The district court clerk's refusal to accept the November 10 filing was based upon no stronger reasons than those we rejected in *Loya*. The defendants received adequate notice of plaintiffs' action because they were served within a reasonable time after November 10, and hence suffered no prejudice as a result of the lapse of time between November 10 and December 3.[2]

Defendants argue that *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), dictates the opposite result, but we do not find *Baldwin* controlling. In *Baldwin*, the Supreme Court held that the filing of an EEOC "right to sue" letter with the district court did not satisfy the requirement that a complaint for discrimination be filed within 90 days. *See* 466 U.S. at 149–50, 104 S.Ct. at 1724–25. *Baldwin*, unlike this case, involved a "complaint" that failed to meet the standards set forth in the Federal Rules of Civil Procedure, specifically the requirement of Fed.R.Civ.P. 8(a)(2) that the complaint include a statement of the claim. *See* 466 U.S. at 149, 104 S.Ct. at 1724. This case, in contrast, involves a complaint which complied in all material respects with the Federal Rules.

The judgment of the district court dismissing the action on statute of limitations grounds is REVERSED and the matter REMANDED for further proceedings.

---

**2.** The defendants argue that if they had known about the November 10 complaint they would have changed their discovery strategy and argued differently in the district court about when the cause of action accrued. Yet there is nothing in the record indicating that the statute of limitations could have begun to run before May 17. It was not until May 17, 1982, that the union formally took the position that it would not oppose the closing.