942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laurie Ann STEWART, an incompetent, by her Guardian Ad
Litem, Marlene Joan Stewart, Marlene Joan Stewart,
Plaintiffs-Appellants,
v.
The MUTUAL BENEFIT LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 89-56191.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1991.
Decided Aug. 22, 1991.
 
 Before GOODWIN, HUG and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Laurie Ann and Marlene Stewart appeal the district court's summary judgment dismissal of their insurance coverage action against Mutual Benefit Life Insurance Co. The Stewarts contend that the district court erred in ruling they are not entitled to any benefits beyond those provided through December 31, 1987. The Stewarts also challenge the district court's dismissal of their claim for breach of the duty of good faith and fair dealing under California law. We affirm.
 
 
 3
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). The district court's statement of uncontroverted facts is reviewed for clear error. Fed.R.Civ.P. 52(a).
 
 
 4
 The Stewarts' first cause of action seeks recovery of benefits under the group insurance policy for Laurie Ann Stewart until a $2,000,000 lifetime maximum has been reached. The district court found the policy to be unambiguous in limiting benefit payments to costs incurred through December 31, 1987. The insurance certificate operative at the time of Laurie Ann's accident sets forth limitations on major medical coverage in clear and unambiguous language. The termination and extended benefit provisions specify the conditions under which insurance coverage terminates and the manner in which benefits accrue upon termination. Although we follow the rule of contra preferentem in constructing ambiguous insurance contracts, see Kunin v. Benefit Trust Life Ins. Co., 910 F.2d 534, 539 (9th Cir.1990), the certificate at issue is not susceptible to alternative interpretations, see, e.g., Poland v. Martin, 761 F.2d 546, 548 (9th Cir.1985) (noting that "[a] court should not strain for interpretations to create ambiguities where none exist"). Upon this record, the district court's finding that the Stewarts' coverage under the group insurance policy terminated on the September 1, 1986 lapse date is correct. Under the terms of the certificate, Laurie Ann was entitled to accrue benefits until "the end of the calendar year following the calendar year in which insurance terminated"--through December 31, 1987.
 
 
 5
 The Stewarts argue that the discontinuation of benefits following the December 31, 1987 date constitutes an impermissible forfeiture of their vested right to the lifetime benefit maximum of $2,000,000. Laurie Ann's rights under the insurance contract vested at the time of her disability. However, the rights which vested at that time are defined by the terms of the insurance certificate. This is not an attempt to limit benefits through subsequent modifications in the terms of the contract. See, e.g., Fields v. Blue Shield of Cal., 163 Cal.App.3d 570, 209 Cal.Rptr. 781 (1984). Instead, the limitations were expressly set forth in the insurance certificate. Benefits under the insurance policy were limited both by the maximum amount of aggregate benefit payments and by the duration of coverage in the event an insured's employer ceased participation in the group insurance trust. That the extent of coverage has been limited by the termination of the group insurance policy does not abrogate Laurie Ann's vested rights.[1] Mutual Benefit Life Insurance Co. fulfilled its obligations by extending benefits to Laurie Ann through December 31, 1987.[2]
 
 
 6
 In their second cause of action, the Stewarts seek to recover for breach of the duty of good faith and fair dealing under California law. The district court found this claim to be preempted by ERISA. Alternatively, the district court held that even if the claim were not preempted, no breach of the duty of good faith and fair dealing occurred.
 
 
 7
 An employee benefit plan falls within ERISA if it constitutes:
 
 
 8
 (1) a "plan, fund or program" (2) established or maintained (3) by an employer ... (4) for the purpose of providing medical, surgical, hospital care, death, unemployment or vacation benefits ... (5) to the participants or their beneficiaries.
 
 
 9
 Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489, 492 (9th Cir.1988) (quoting Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir.1982) (en banc)), cert. denied, 109 S.Ct. 3216 (1989). Under the Kanne standard, the Mutual Benefit Life Insurance Co. program is governed by ERISA.
 
 
 10
 ERISA has broad preemptive reach, covering claims related to an ERISA program unless the claim is based on a law specifically regulating the insurance industry. See Kanne, 867 F.2d at 494. California's common law for breach of the duty of good faith and fair dealing is not specifically directed towards regulation of the insurance industry, and therefore the Stewarts' second cause of action is properly preempted. See id.
 
 
 11
 Because the Stewarts' second cause of action is preempted by ERISA, we need not address the district court's alternative holding that Mutual Benefit Life Insurance Co. did not breach the duty of good faith and fair dealing.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Nor does such a limitation render the lifetime maximum illusory. Had the employer not terminated the group policy, benefits would likely have continued to accrue up to the benefit maximum
 
 
 [2]
 The limited coverage provided by Mutual Benefit Life Insurance Co. accords with the California statute addressing the position of totally disabled individuals when group insurance coverage is discontinued. See Cal.Ins.Code § 10128.2(d) (requiring the extension of benefits to totally disabled employees or dependents for not less than twelve months following the discontinuance of the policy)