951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLSTATE INSURANCE COMPANY, an Illinois corporation,
Plaintiff-Appellee,
v.
CENTURION VILLAS LTD., a California Limited Partnership,
Defendant-Appellant.
 No. 90-56288.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1991.
Decided Dec. 12, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We review de novo the interpretation of the insurance policy at issue in this case. Miller v. Safeco Title Ins. Co., 758 F.2d 364, 367 (9th Cir.1985). California law controls. We affirm.
 
 
 3
 The insurance policy in this case is not ambiguous. Under California law, if there is a range of reasonable meanings of an ambiguous term, the court must apply the meaning which provides the most coverage for the insured, particularly if the ambiguous term is in an exclusion clause. Poland v. Martin, 761 F.2d 546, 548 (9th Cir.1985), citing Reserve Ins. Co. v. Pisciotta, 640 P.2d 764, 769-70 (Cal.1982), and Century Bank v. St. Paul Fire & Marine Ins. Co., 482 P.2d 193, 194-95 (Cal.1971). However, looking at the Allstate policy as a whole and considering the subject matter and objectives of the policy, the alternative interpretations of the policy advanced by Centurion are not reasonable. "A court should not strain for interpretations to create ambiguities where none exist." Id., citing Reserve Ins. Co., 640 P.2d at 767-68. The court may not, under the guise of strict construction, rewrite a policy to bind the insurer to a risk that it did not contemplate and for which it has not been paid. Ray v. Farmers Ins. Exch., 246 Cal.Rptr. 593, 595 (Cal.Ct.App.1988).
 
 
 4
 We agree with the district court that a reasonable interpretation of the policy as a whole, in light of the purpose of the policy and the reasonable expectations of the parties, is that Centurion was entitled to loss of rents during the period of reconstruction for all ten units destroyed by the fire, but is not entitled to any recovery for the alleged increased vacancy in buildings not damaged by the fire. The policy expressly excluded loss of market, loss of customers, or cancellation of leases for any reason whatsoever. Allstate agreed to cover "business income" or "rents" to the extent that loss resulted from the physical destruction of the insured property. The exclusion and coverage provisions are plain and clear.
 
 
 5
 The doctrine of "reasonable expectations" does not assist Centurion in this case, because its expectations were not reasonable. See Endo Lab., Inc. v. Hartford Ins. Group, 747 F.2d 1264, 1268 (9th Cir.1984) (applying California law); Garvey v. State Farm Fire & Casualty Co., 770 P.2d 704, 711 (Cal.1989).
 
 
 6
 The ambiguity issue is dispositive of this appeal, therefore we do not address other arguments raised by the parties.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3