108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG,
Plaintiff-Appellant,
v.
NORTHFIELD INSURANCE COMPANY, Defendant-Appellee,
and
Aetna Casualty & Surety Company, Defendant.
 No. 96-15281.
 United States Court of Appeals, Ninth Circuit.
 Submitted Without Argument March 7, 1997.
Decided March 17, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this insurance coverage dispute, plaintiff-appellant National Union Fire Insurance Company ("National") seeks a declaration that defendant-appellee Northfield Insurance Company ("Northfield") owes Gibraltar Management of Properties ("Gibraltar Management") a duty to defend it in an underlying construction defect lawsuit. We agree with the district court that Gibraltar Management was not an insured under the Northfield policies and affirm.
 
 I.
 
 3
 The relevant Northfield policies list Venture Corporation as the first named insured. Separate declarations pages list Cote D'Azur Developers, Inc. ("Developers") and Cote D'Azur Associates ("Associates") as additional named insureds. Associates is a joint venture, with Developers and Gibraltar Management serving as the joint venturers. Gibraltar Management was not listed as a named insured.
 
 
 4
 A provision in the Northfield policies at the heart of this dispute provides that: "[i]f you [a named insured] are designated in the Declarations as: ... b. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insured, but only with respect to the conduct of your business." Associates was not designated as a joint venture, even though it was in fact a joint venture. Thus, on its face the policy does not cover Gibraltar Management. Instead, the box designating the named insureds as "[a]n organization other than a partnership or joint venture" was checked off. Based on those provisions, Northfield denied Gibraltar Management's defense.
 
 II.
 
 5
 The substantive law of California, the forum state, applies in this diversity action. Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 624 (9th Cir.1996). Under California law, Northfield would have the duty to defend Gibraltar Management if " 'the policy is ambiguous and [Gibraltar Management] would reasonably expect coverage...." Stanford Ranch, Inc., 89 F.3d at 624 (quoting La Jolla Beach and Tennis Club, Inc. v. Industrial Indemnity Co., 9 Cal.4th 27, 38, 36 Cal.Rptr.2d 100, 105, 884 P.2d 1048, 1053 (1994), as modified (1995)). If there is no possibility of coverage, Northfield does not have the duty to defend Gibraltar Management. Waller v. Truck Ins. Exchange, 11 Cal.4th 1, 19, 44 Cal.Rptr.2d 370, 378, 900 P.2d 619, 627 (1995).
 
 
 6
 Thus, we must interpret the insurance policy to determine whether Gibraltar Management could possibly be covered. Under California law, the words of the policy are first to be read according to the plain meaning that a layperson ordinarily would give them. Stanford Ranch, Inc. at 626 (quoting Chatton v. National Union Fire Ins. Co. of Pittsburgh, Pa., 10 Cal.App.4th 846, 853, 13 Cal.Rptr.2d 318, 322 (1992)). " 'If the meaning a layperson would ascribe to the contract language is not ambiguous, there is no place for interpretation and the court must simply apply that meaning.' " Id. A court thus should not strain to find ambiguity where none exists. Poland v. Martin, 761 F.2d 546, 548 (9th Cir.1985) (citing Reserve Ins. Co. v. Pisciotta, 30 Cal.3d 800, 807, 640 P.2d 764, 767-68, 180 Cal.Rptr. 628, 631-32 (1982)).
 
 
 7
 The Northfield policy provisions are clear: As a joint venturer in Associates, Gibraltar Management would have been insured only if Associates had been designated as a joint venture. It was not so designated. Gibraltar Management also did not become an insured simply by virtue of its status as a venturer in Associates. See Ohio Casualty Ins. Co. v. Harbor Ins. Co., 259 Cal.App.2d 216, 218-19, 66 Cal.Rptr. 340, 347 (1968) (the liabilities of a joint venture and its venturers may be segregated and separately insured). Therefore, Gibraltar Management is not an insured under the policies. Since the policy is not ambiguous, Northfield did not have the duty to defend Gibraltar Management.
 
 III.
 
 8
 National also appears to argue for the first time on appeal that even if Northfield's policies do not cover Gibraltar Management, it is entitled to pursue Northfield in order to obtain repayment of defense costs through a claim for equitable subrogation. Under this theory, National stands in the shoes of Gibraltar Management, which as a joint venturer is entitled to reimbursement for costs arising from Associates, the joint venture. Arguably, as Associates' insurer Northfield might ultimately be liable to Gibraltar Management for defense expenditures. Gibraltar Management's right to reimbursement by the joint venture does not extend to National, however, because National was fulfilling its contractual obligation to defend its own insured. See Ohio Casualty Ins. Co. v. Harbor Ins. Co., supra.
 
 CONCLUSION
 
 9
 For these reasons, we AFFIRM the district court's grant of summary judgment in favor of Northfield.
 
 REINHARDT, Circuit Judge, concurring:
 
 10
 I concur in the judgment and in part in the majority's analysis. From the face of the policy, the check-mark in the box denominated "An organization other than a partnership or a joint venture" would seem to refer only to the named insured, Venture Corporation, thereby leaving the insured status of Cote D'Azur Developers and Cote D'Azur Associates an open question or at the very least ambiguous. However, National conceded at oral argument that the check-mark in the box constituted a declaration that the additional named insureds--Developers and Associates--who were listed on an entirely different page, the addendum, were not partnerships or joint ventures. In light of this concession, I am compelled to agree with the majority that the Northfield policies did not cover Gibraltar Management by virtue of its status as a joint venturer in Associates, and I join in the remainder of the majority's analysis and conclusions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3