Gregory C. DUNCAN,
Plaintiff–Appellant,

v.

SOUTHWEST AIRLINES; Steve
Fleming; Robert Slattery,
Defendants–Appellees.

No. 86–6744.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1987.

Decided Dec. 4, 1987.

As Amended Feb. 29, 1988.

Rehearing and Rehearing En Banc
Denied April 1, 1988.

Jeffry A. Miller and Don D. Hiney, El Cajon, Cal., for plaintiff-appellant.

J. Joe Harris, Matthews & Branscomb, San Antonio, Tex., for the defendants-appellees Southwest Airlines and Robert Slattery.

Before TANG, SCHROEDER and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Duncan claims to have been discharged by Southwest Airlines for engaging in pro-union activities in violation of Railway Labor Act (RLA), 45 U.S.C. §§ 152 (Fourth) and 184 (1982).

The district court granted summary judgment in favor of Southwest Airlines and Slattery [1] on the ground that Duncan's claim was time-barred by the Supreme Court's decision in *Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), as applied to RLA actions by our decision in *International Ass'n of Machinists v. Aloha Airlines, Inc.*, 790 F.2d 727 (9th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 400, 93 L.Ed.2d 354 (1986).

We have jurisdiction and we reverse.

## I

Duncan was employed as a ramp agent by Southwest Airlines in 1982. At some point during the next 2 years, Duncan became a "steward" for the IAM (International Association of Machinists). In October, 1984, the union dissolved. Duncan claims that he was "told ... several times" after this date that he would be "fired" since he was no longer represented by a union.

In February, 1985, Duncan was discharged. Southwest Airlines claims that Duncan was consuming an alcoholic beverage while in uniform. Duncan denies the truth of that statement.

Until October, 1984, Duncan was subject to a collective bargaining agreement between Southwest Airlines and IAM. This agreement contained an arbitration clause. Southwest Airlines claims to have conformed to the terms of this agreement after dissolution of IAM and, by so doing, to have bound Duncan to proceed to arbitration. Duncan did not negotiate with Southwest Airlines after dissolution of the union. He did not proceed to arbitration after discharge. The basis for his complaint is an RLA action.

On January 27, 1986, Duncan filed this claim. The gravamen of Duncan's complaint is an action under section 2, Fourth, of the RLA. This section bars unfair labor practices, including discharge for pro-union activities.

On April 10, 1986, defendants removed the action to United States District Court, Southern District of California, pursuant to RLA, 45 U.S.C. §§ 152 (Fourth) and 184, 28 U.S.C. §§ 1331, 1337 (1982).

On September 25, 1986, Southwest Airlines and Slattery moved for summary judgment, arguing that the appropriate statute of limitations for an action under section 2, Fourth, of the RLA is six months.

On October 14, 1986, Duncan opposed, arguing that his RLA action should be governed by state law in effect prior to *Aloha*, and that the appropriate state statute of limitations was three years.

---

**1.** The complaint as to Fleming was dismissed by the district court for failure of service and is not pursued by Duncan here.

The district court granted summary judgment for Southwest Airlines and Slattery. The court rested its decision on retroactive application of *Aloha*, which applied the Supreme Court's reasoning in *Del Costello* to RLA actions. The court held that section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b) (1982), with a concomitant six-month statute of limitations, governed.

The Order also implies that Duncan's immunity from retroactive application of *Aloha* would have been barred under Fed. R.Civ.P. 4, since Duncan did not serve defendants Southwest Airlines and Slattery prior to *Aloha*.

## II

A grant of summary judgment is reviewed de novo. *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986).

The determination of an appropriate statute of limitation is also a question of law reviewable de novo. *Kile v. North Pacific Constr. Co.,* 827 F.2d 1363 (9th Cir.1987); *Aragon v. Federated Dept. Stores, Inc.,* 750 F.2d 1447, 1449–50 (9th Cir.), *cert. denied,* 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985).

## III

Duncan's appeal presents two basic questions of law.

First, Duncan claims that the statute of limitations which applies to an RLA action arising after *Del Costello* and before *Aloha* is not the six-month limitation period chosen by the district court. Duncan claims that *Del Costello* does not control, since it did not involve an RLA action, and that *Aloha* was not intended to be applied retroactively. The appropriate limitation period is, Duncan claims, to be found in state law.

Second, Duncan claims that the "most closely analogous" state statute is Cal.Civ. Proc.Code § 338 (West 1982).

We agree that *Aloha* should not be applied retroactively. We also agree that the appropriate statute of limitations is located in Cal.Civ.Proc.Code § 338.

## A

■ Southwest Airlines and Slattery argue that *Del Costello*, which applied the NLRA's section 10(b) six-month rule to fill a statute of limitations "gap" in the Labor Management Relations Act (LMRA), also applies to an action brought under section 2, Fourth, of the RLA. The RLA, like the LMRA, does not contain a statute of limitations.

Duncan claims we addressed this issue in *Aloha.* In *Aloha*, we decided that *Del Costello* will apply only *prospectively* in determining the statute of limitations for governing an RLA action.

Duncan filed his complaint prior to the announcement of *Aloha.* As such, he did not "sleep on his rights." Consequently, he is not subject to the six-month limitation period adopted for RLA actions by *Aloha.*

Southwest Airlines and Slattery have argued that the NLRA's section 10(b) six-month limitation period should apply even to RLA actions filed before *Aloha.* We do not agree.

*Del Costello* cannot be applied to the facts of this case if we are to follow the retroactivity analysis articulated, for the first time, in *Aloha.* Following that analysis, if a complaint were filed prior to *Aloha* but after *Del Costello*, the question would be "whether to apply retroactively our holding in [*Aloha* ] extending the *Del Costello* rationale to claims ... for breach of the collective bargaining agreement and breach of ... RLA provisions." *Aloha,* 790 F.2d at 736.

As in *Aloha*, we must apply the three factors identified by the Supreme Court in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In so doing, we conclude, first, that a "new principle of law" would have been established by deciding this case consistent with *Del Costello* when filed. Second, applying a six-month statute of limitations here, where that limitation period was only applied by this circuit to RLA actions after the filing, would produce "substantial inequitable results," *Chevron,* 404 U.S. at 104,

92 S.Ct. at 354. Third, while retroactive application of *Aloha* is likely to further the purposes of the RLA, namely prompt resolution of labor disputes, we conclude, as we did in *Aloha*, that retroactive application of an unforeseeable statute of limitations creates an inequitable and unpredictable result more weighty than the policy favoring rapid resolution of labor disputes.[2]

Under the law in effect prior to *Aloha*, the timeliness of a suit for breach of a collective bargaining agreement was determined, as a matter of federal law, by reference to the appropriate state statute of limitations. *See Aloha*, 790 F.2d at 735–36; *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 60, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 (1981); *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966); *Edwards v. Teamsters Local Union No. 36*, 719 F.2d 1036, 1038 (9th Cir. 1983), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984); *Barina v. Gulf Trading and Transportation Co.*, 726 F.2d 560 (9th Cir.1984).

In *Aloha*, we concluded that in an RLA/collective bargaining agreement action filed prior to our *Aloha* decision, a district court must apply the "most closely analogous" state limitations period. *Aloha*, 790 F.2d at 737. We confirm that holding here.

**B**

Once state law is implicated, we must identify the "most closely analogous" state law. *Id.* at 737.

Southwest Airlines and Slattery argue that, if a state law is applied, the "most closely analogous" statute is Cal. Civ.Proc.Code § 1288. Duncan argues that the appropriate statute is Cal.Civ.Proc. Code § 338.

We conclude that Cal.Civ.Proc.Code § 1288, containing a 100–day statute of limitations and pertaining to vacation of an arbitration award, is not the "most closely analogous" statute in this case.

Southwest Airlines and Slattery cite six cases to support their claim. They cite, first, to the following five opinions: *McNaughton v. Dillingham Corp.*, 707 F.2d 1042 (9th Cir.1983), *cert. denied*, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984) and 722 F.2d 1459 (9th Cir.1984); *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); *Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447 (9th Cir.), *cert. denied*, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985); *Lacina v. G–K Trucking*, 802 F.2d 1190 (9th Cir.1986); and *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348 (9th Cir.1984). Not one of these opinions involves an action arising under the RLA. Since the gravamen of this complaint is an RLA action, these cases are unpersuasive and inapt.

Only the sixth case addresses an action brought under the RLA, *Singer v. Flying Tiger Line, Inc.*, 652 F.2d 1349 (9th Cir. 1981). *Singer* concerned an employee's suit against his union for breach of his duty of fair representation, and against his employer for breach of the union agreement. *Id.* at 1352. The court held that if

---

**2.** Note, however, that there is broad agreement that a six-month statute of limitations applies in the Ninth Circuit to RLA/collective bargaining actions filed after our *Aloha* decision. As we stated in *Aloha*, "We agree ... that the limitations period applicable to a combined collective bargaining agreement and breach of the status quo provisions of RLA is the six-month period contained in section 10(b) of the NLRA." *Aloha*, 790 F.2d at 735. Our holding in *Aloha* is consistent with decisions of other circuits. *See e.g., Robinson v. Pan American World Airways, Inc.*, 777 F.2d 84, 85–89 (2d Cir.1985); *Brotherhood of Locomotive Engineers v. Atchison, Topeka & Santa Fe Railway Co.*, 768 F.2d 914 (7th Cir.1985).

In *Aloha*, we indicated that the same policies which counselled adoption of a six-month federal statute of limitations under the LMRA in *Del Costello* counselled adoption of a six-month statute of limitations in similar actions brought under the RLA. *Aloha*, 790 F.2d at 734. Thus, our decision in *Aloha* stands for the proposition that the *Del Costello* rationale and accompanying six-month statute of limitations will be applied prospectively to unfair labor practice actions arising under the RLA, just as *Del Costello* applied to actions raised under the LMRA prior to *Aloha*.

the suit had been filed after *Mitchell*, the 100–day limitations period governing actions to vacate arbitral awards would apply. *Id.* at 1353. In contrast, the union in our case had dissolved, leaving serious questions as to whether the award negotiated by the disbanded union could have remained valid and enforceable absent union representation. *See Mitchell*, 451 U.S. at 56, 101 S.Ct. at 1559.

In addition, although *Singer* correctly followed *Mitchell* by applying a 100–day limitations period, *Mitchell* has since been overruled by *Del Costello*. Because appellant's action accrued and was filed after *Del Costello*, the *Singer* holding is no longer relevant.

In *Aloha*, we rejected application of a state statute not imposing a liability on the basis of statute. There, we reasoned that the "gravamen" of the complaint "centers around" the appellee's refusal to abide by the relevant RLA provisions. As such, the appropriate limitation period was set by the state law pertaining to a liability created by statute.

While the RLA provisions in *Aloha* are not identical to those involved here, the circumstances which governed our choice of the "most closely analogous" state law in *Aloha* are sufficiently similar to warrant selection of a limitation period based on liability created by statute. *See Aloha*, 790 F.2d at 737; *see also United Transportation Union v. Florida East Coast Railway Co.*, 586 F.2d 520, 527 (5th Cir.1978) (per curiam) (action alleging RLA violation was action upon liability created by statute, and state statute of limitations applied).

In *Aloha*, we concluded that the "most closely analogous" state statute under the RLA was a Hawaii statute which established a one-year limitation period for a "liability ... impose(d)" by federal statute. Hawaii Rev.Stat. § 657–11 (1972).

In analogous cases, based on other federal statutes not containing an express statute of limitations, we have chosen the state statute which established a limitation period for actions "upon liability created by statute." We have not chosen to apply *Del Costello* retroactively nor to apply a state statute for vacation or exception of arbitration awards. *See Barina v. Gulf Trading and Transportation Co.*, 726 F.2d 560 (9th Cir.1984) (in "wrongful discharge" action, under union's duties established by national labor statutes, including RLA, appropriate state statute of limitations is one for liabilities created under statute; *Del Costello* will not be retroactively applied); *L.D. Price v. Southern Pacific Transportation Co.*, 586 F.2d 750 (9th Cir.1978) (In "wrongful discharge" action, under duties established by national labor statutes, including RLA, appropriate state statute of limitations is one for liabilities created under statute).

While we did select an Oregon state statute for exception to an arbitration award in *McNaughton v. Dillingham Corp.*, 707 F.2d 1042 (9th Cir.1983), that selection was made within the context of an LMRA action, not an RLA action. This is precisely the federal statute for which the Supreme Court subsequently established a six-month limitation period in *Del Costello*, a decision that we only applied to RLA actions later in *Aloha*. Prior to *Aloha*, there is no authority for the proposition that a state statute applied to LMRA actions was applicable to RLA actions. As indicated by *Aloha*, *Price, and Barina*, an RLA action brought prior to *Aloha* would have been governed by the state statute of limitations for liabilities created under statute. *Aloha*, 790 F.2d at 736; *Price*, 586 F.2d at 752–53; *Barina*, 726 F.2d at 562; *see also United Transportation Union*, 586 F.2d at 525.

The state statute governing the limitations period for "a liability created by statute, other than a penalty or forfeiture" in California, prior to *Aloha*, was Cal.Civ. Proc.Code § 338.

■ Since Duncan filed his complaint prior to *Aloha*, the only remaining question is whether a filing prior to service constitutes "commencement" of an action to bar retroactive application of a post-filing decision. Under Fed.R.Civ.P. 4(j), which governs

here, a filing triggers commencement.[3]

Since Duncan filed within one year of his alleged wrongful discharge, his filing falls within the three-year statute of limitations mandated by Cal.Civ.Proc.Code § 338. Thus, the action was commenced within the applicable statute of limitations.

The district court's order of summary judgment is not supported by prevailing authority in this circuit.[4] We have held that the Supreme Court's decision in *Del Costello*, adopting a six-month statute of limitations from NLRA section 10(b) for LMRA actions, shall not be applied retroactively to RLA actions commenced prior to our decision in *Aloha*. *See Aloha*, 790 F.2d at 735, 739. Duncan commenced this RLA action upon filing of a complaint on January 27, 1986. Duncan filed the complaint

prior to our decision in *Aloha*, decided February 6, 1986. Accordingly, we reverse summary judgment as to defendants Southwest Airlines and Robert Slattery, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

**3.** The order for summary judgment cites to *Gallon v. Levin Metals Corp.*, 779 F.2d 1439 (9th Cir.1986) and several cases from other circuits to support the proposition that "an action governed by 10(b) of the NLRA, 29 U.S.C. § 160(b), is not commenced until it has been both filed and served."

While this statement of law is accurate, it is inapposite. First, this action is not governed by 10(b) of the NLRA. Second, this action is subject to Fed.R.Civ.P. 4(j), which requires only a filing to commence a civil action. *Cf. West v. Conrail*, ─── U.S. ───, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987); *see also Ellenbogen v. Rider Maintenance Corp.*, 794 F.2d 768 (2d Cir.1986) (*Del Costello* found not to mandate departure from "general procedural rule" that action is commenced upon filing of complaint for purposes of retroactivity). Third, *Gallon* has been vacated by the Supreme Court in light of *West v. Conrail*, ─── U.S. ───, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), ─── U.S. ───, 107 S.Ct. 1881, 95 L.Ed.2d 489 (1987). In *Conrail*, the Supreme Court held that where an action is based on federal law and the governing substantive statute fails to include an express statute of limitations, the action will not be time-barred so long as the complaint was filed within the borrowed statute of limitations. 107 S.Ct. at 1541.

In this action, the complaint was filed on January 27, 1986. Southwest Airlines and Slattery were served forty-two days later, on March 11, 1986. Service was, thus, within the statutory grace period, under Fed.R.Civ.P. 4(j), which requires defendants be served within 120 days of filing. We announced, on February 6, 1986, our decision in *Aloha*. That decision applied NLRA section 10(b) and *Del Costello* to RLA actions. Since Duncan filed his complaint prior to our *Aloha* decision and served defendants

within 120 days of filing, his action legally commenced on January 27, 1986.

**4.** A number of Ninth Circuit cases support the proposition that if retroactive application of a statute will lengthen the otherwise applicable limitation period, retroactive application is permissible. *Glover v. United Grocers, Inc.*, 746 F.2d 1380 (9th Cir.1984), *cert. denied*, 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985); *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348 (9th Cir.1984); *Lacina v. G–K Trucking*, 802 F.2d 1190 (9th Cir.1986), *vacated* (on other grounds), ─── U.S. ───, 107 S.Ct. 3224, 97 L.Ed. 2d 731 (1987); *Aragon v. Federated Dep't Stores, Inc.*, 750 F.2d 1447 (9th Cir.), *cert. denied*, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985).

We remain faithful to these precedents and are not challenged to depart from them in this case. The appropriate statute of limitations is found in a state law which allows plaintiff three years within which to bring a suit. To apply the *Del Costello* six-month rule would shorten, by one-sixth, the time period within which appellant could have brought suit. Each of the cases cited above by appellees stands for the proposition that this court will not apply a *shorter* limitation period retroactively.

Since the appropriate state law is Cal.Civ. Proc.Code § 338, setting out a three-year statute of limitations period for "an action upon a liability created by statute, other than penalty or forfeiture," retroactive application of *Del Costello* or *Aloha*, requiring a six-month statute of limitations under NLRA section 10(b), would certainly "produce a substantial inequitable result." Such a result is neither consonant with Ninth Circuit precedent nor counselled by the Supreme Court's reasoning in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).