896 F.2d 1194
 133 L.R.R.M. (BNA) 2717, 114 Lab.Cas. P 11,934
 Dan L. KELLY, Moreland Neiman, et al., Plaintiffs-Appellants,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, its agents and
representatives; Brotherhood of Railway, Airline &
Steamship Clerks, Freight Handlers, Express & Station
Employees (BRAC), its agents & representatives, et al.,
Defendants-Appellees.
 No. 88-4121.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 5, 1989.
Decided Feb. 21, 1990.
 
 Thomas J. Beers, Mark S. Connell, Connell & Beers, Missoula, Mont., for plaintiffs-appellants.
 Charles C. Dearden, Murphy, Robinson, Heckathorn & Phillips, P.C., Kalispell, Mont., Thomas J. Knapp, Fort Worth, Tex., for defendant-appellee Burlington Northern R. Co.
 Mitchell M. Kraus, Transportation-Communications International Union, Rockville, Md., for defendants-appellees.
 Appeal from the United States District Court for the District of Montana.
 Before HUG, FARRIS and REINHARDT, Circuit Judges.
 REINHARDT, Circuit Judge:
 
 
 1
 Appellants brought this hybrid action under the Railway Labor Act ("RLA"), 45 U.S.C. Sec. 151 et seq. (1982) against their employer and their union, alleging that the employer breached a collective bargaining agreement and that the union breached its duty of fair representation. The district court applied the six-month statute of limitations found in Sec. 10(b) of the Labor Management Relations Act, 1947 ("LMRA"), 29 U.S.C. Sec. 160(b) (1982)[1] and held that appellants' action was untimely, granting appellees' motion for summary judgment. Although we agree that the LMRA's six-month limitations period applies to hybrid actions under the RLA, we conclude that because appellants' cause of action accrued prior to our decision in International Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Aloha Airlines, Inc., 790 F.2d 727 (9th Cir.), cert. denied, 479 U.S. 931, 107 S.Ct. 400, 93 L.Ed.2d 354 (1986), the district court erred in applying that limitations period here. Accordingly, we reverse the grant of summary judgment and remand.
 
 I. Facts
 
 2
 Appellants were formerly employed by appellee Burlington Northern Railroad Company ("Burlington"), and worked at Burlington's tie treating plant in Paradise, Montana. Their employment was governed by a collective bargaining agreement between Burlington and their union, the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees ("BRAC"). Following a fire at the plant, Burlington closed the facility and terminated appellants' employment.
 
 
 3
 On January 25, 1984, appellants commenced an action in federal district court alleging breach of contract against Burlington and breach of the duty of fair representation against BRAC. The complaint alleged that Burlington closed the tie treating plant in violation of the collective bargaining agreement between Burlington and BRAC, and that BRAC breached its duty to appellants by allowing Burlington to close the plant and by not actively assisting appellants in keeping the plant open or otherwise protecting appellants' employment. Appellants also alleged a conspiracy between the two to deny their employment rights.
 
 
 4
 On August 27, 1984, Burlington filed a motion for judgment on the pleadings, or, in the alternative for summary judgment. BRAC subsequently moved to dismiss the action under rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to stay the proceeding pending arbitration. Both defendants argued that: (1) the claim for breach of the collective bargaining agreement should be dismissed for failure to exhaust the grievance procedure specified in the agreement and (2) the claim for breach of the duty of fair representation against the union should be dismissed due to the lack of a factual basis for the charges of conspiracy or collusion between Burlington and BRAC.
 
 
 5
 On January 28, 1985, Judge Hatfield, treating defendants' motions as motions for judgment on the pleadings, granted the motions and dismissed the action. Prior to Judge Hatfield's order, Burlington and BRAC had agreed to take appellants' claims to arbitration, as called for in the collective bargaining agreement, and the parties had notified Judge Hatfield of this decision. While Judge Hatfield's order did not specify whether or not the dismissal of appellants' action was on the merits, it appears that, by dismissing, he intended to permit the contractual arbitration procedure to be implemented. However, the recorded judgment signed by the clerk of the court stated that the action was dismissed on the merits. Plaintiffs did not file an appeal.
 
 
 6
 Burlington and BRAC submitted the parties' dispute to an arbitration board known as the Special Board of Adjustment. The Board issued an award on August 1, 1985, concluding that the destruction of the plant allowed Burlington to suspend wage guarantees under the collective bargaining agreement, and that Burlington was not required to compensate the employees in accordance with the provisions of the agreement.
 
 
 7
 On January 28, 1986, a year after their original action had been dismissed, appellants filed a motion to permit their original complaint to be amended or to vacate the judgment. Appellants filed an amended complaint along with this motion. On April 24, 1986, Judge Hatfield denied appellants' motion, stating that the action had been dismissed in its entirety and that granting the relief requested by the appellants after their delay would amount to an abuse of discretion by the court. Judge Hatfield also stated that the "obvious" solution was for appellants to file a new suit.
 
 
 8
 Appellants followed Judge Hatfield's advice. On May 9, 1986, they commenced this action, renewing their claims against Burlington for breach of contract and BRAC for breach of the duty of fair representation and, in addition, alleging the tort of emotional distress against Burlington only. This complaint was almost identical to the amended complaint filed with the motion to amend on January 28, 1986. On October 7, 1986, appellees moved for summary judgment on the counts alleging breach of contract and breach of the duty of fair representation, asserting that these claims were untimely and were barred by res judicata. Judge Russell Smith granted appellees' motion, ruling that appellants' action was not brought within the applicable six-month statute of limitations. He did not address appellees' contention that the action was barred by res judicata. Appellants filed a timely appeal.
 
 II. Analysis
 
 9
 There are two aspects to the issue presented by this appeal. First, we must determine the applicable statute of limitations for hybrid actions brought under the RLA in general. Second, we must decide whether, in view of the fact that the cause of action accrued before Aloha, it is appropriate to apply that limitations period in the case before us.
 
 
 10
 In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court addressed the statute of limitations to be applied to a hybrid Sec. 301 breach of contract and breach of the duty of fair representation action under the LMRA, 29 U.S.C. Sec. 141 et seq. (1982). The Court departed from the usual practice of applying the most closely analogous state statute, instead adopting the six-month statute of limitations set out in Sec. 10(b) of the LMRA as the uniform federal limitations period for hybrid actions involving that Act. The Court concluded that Sec. 10(b), governing the bringing of unfair labor practice charges before the National Labor Relations Board, provided a closer analogy than state statutes for vacating an arbitration award or for malpractice, which were either too short "to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights" or too long to promote "the relatively rapid final resolution of labor disputes favored by federal law." Id. at 166, 168. In contrast, Sec. 10(b) involved competing interests similar to those present in hybrid suits involving the LMRA, and the six-month limitations period in Sec. 10(b) of that Act struck the "proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system." Id. at 152-53, 103 S.Ct. at 2284, (quoting United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 70-71, 101 S.Ct. 1559, 1567-68, 67 L.Ed.2d 732 (1981)) (Stewart, J., concurring in the judgment).
 
 
 11
 In International Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Aloha Airlines, Inc., 790 F.2d 727 (9th Cir.), cert. denied, 479 U.S. 931, 107 S.Ct. 400, 93 L.Ed.2d 354 (1986), this circuit for the first time extended the rule of DelCostello to an action involving the RLA, rather than the LMRA.[2] We concluded that the policies underlying the Court's analysis in DelCostello applied equally to actions involving the RLA, and therefore that RLA actions should also be subject to the uniform six-month limitations period found in Sec. 10(b) of the LMRA. Aloha involved an action against an employer for breach of a collective bargaining agreement and breach of the status quo provisions of the RLA rather than a hybrid Sec. 301/fair representation claim such as appellants'. Nevertheless, we agree with the district court that Aloha's extension of DelCostello and the six-month limitations period in Sec. 10(b) to actions arising under the RLA also governs hybrid suits brought under the RLA.[3]
 
 
 12
 Our decision that Aloha applies to hybrid RLA cases does not resolve the more difficult question presented here--whether the six-month rule should apply when the cause of action accrued well before our announcement of the Aloha rule, and application of that rule would bar the filing of appellants' action without prior notice. In Aloha, we refused to apply our decision retroactively. We evaluated the three factors identified by the Supreme Court in Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971): (1) whether the decision establishes a new principle of law, (2) whether retroactive application will further or retard the purposes of the rule in question, and (3) whether applying the new decision retroactively will produce substantial inequitable results. We then determined that the first and third factors militated against retroactivity, explaining that the decision established a "new principle of law" because it was the first case to extend DelCostello to RLA actions and that, because the six-month limitations period adopted by the court was unforseeable to plaintiff, application of the new period to plaintiff's cause of action would be inequitable. Aloha, 790 F.2d at 736. Although we mentioned that the case before us was not a hybrid action, the critical factor was that a different statute was involved. We went on to say that although retroactive application would promote prompt resolution of labor disputes, "the strength of the considerations relating to the first and third factors outweighs those relating to the second factor." Id. In subsequent decisions we have also refused to apply Aloha retroactively when to do so would have subjected a plaintiff to a shorter statute of limitations. See, e.g., Duncan v. Southwest Airlines, 838 F.2d 1504 (9th Cir.1988). We have therefore only applied Sec. 10(b)'s six-month limitations period prospectively, to RLA actions filed after our decision in Aloha.
 
 
 13
 The instant case presents a problem we have not previously addressed. Although appellants filed this suit after Aloha, prompting the district court to apply Sec. 10(b)'s six-month statute of limitations, appellants' cause of action accrued prior to Aloha, at a time when the prevailing statute of limitations gave them a substantially longer period of time in which to file suit. We thus must decide whether Aloha's limitations period should be applied retroactively to bar appellants from filing their action more than six months after the date of accrual. We conclude that it should not. We hold, instead, that a litigant whose cause of action accrued prior to Aloha was entitled to file up to six months after the date Aloha was decided, unless prior to that time his cause of action would have been barred under the statute of limitations that governed at the time his claim accrued.
 
 
 14
 The district court determined that appellants' cause of action accrued (and the statutory period for filing began to run) on August 1, 1985, the date of the adverse decision of the arbitration board. The parties agree with this determination. At that time, the statute of limitations applicable to appellants' RLA action was Montana's two-year statute of limitations for liabilities created under statute. Duncan, 838 F.2d at 1508 ("As indicated by Aloha, [790 F.2d at 736,] Price [v. Southern Pacific Transportation Co., 586 F.2d 750, 752-53 (9th Cir.1978) ], and Barina [v. Gulf Trading and Transportation Co., 726 F.2d 560, 562 (9th Cir.1984) ], an RLA action brought prior to Aloha would have been governed by the state statute of limitations for liabilities created under statute."). Appellants filed the instant action on May 9, 1986, within this two-year period. In the meantime, however, on February 6, 1986, we had announced our decision in Aloha, holding that RLA actions brought in the future must be filed within six months of accrual.[4] The district court, applying Aloha, held that appellants' action was untimely because it was filed over six months after August 1, 1985.
 
 
 15
 The district court's application of Aloha to the instant case extinguished appellants' claim without prior notice. Since appellants' cause of action accrued six months and five days prior to our holding in Aloha, applying Aloha's limitations period would mean that appellants would have had to file their action by February 1, 1986, five days before Aloha was decided. It would be both unfair and illogical to expect these appellants to have foreseen Aloha, a holding that we have firmly declined to apply retroactively precisely because we held it to be unforeseeable. See, e.g., Duncan, 838 F.2d at 1507 ("[R]etroactive application of an unforseeable statute of limitations creates an inequitable and unpredictable result more weighty than the policy favoring rapid resolution of labor disputes.").
 
 
 16
 The same considerations that make it inequitable and prejudicial to apply a new, shortened statute of limitations to a claim filed prior to the announcement of the new rule also make it unfair to apply such a rule to a cause of action which accrued prior to the rule without affording the plaintiff a reasonable period in which to file his claim after the announcement of the new limitations period. In both instances, the plaintiff's cause of action accrued at a time when he had a more extended period of time to file suit and the adoption of a shorter time limit was unforseeable. Whether the plaintiff actually filed his action prior to the time the new, shortened rule was announced is largely irrelevant, if the application of that rule would serve to cut off his rights before he was informed of the new rule and had a reasonable time to file under it.
 
 
 17
 We addressed this very issue in the context of Sec. 1983 actions. In Usher v. City of Los Angeles, 828 F.2d 556 (9th Cir.1987), we considered the application of a new, shortened limitations period to a Sec. 1983 civil rights action which was filed after the announcement of the new period but which had accrued prior to that announcement. The question in Usher was:
 
 
 18
 Whether to apply the new rule of law enunciated in Wilson [v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) ] retroactively to a cause of action that arose prior to the date of that decision but which was not filed until after that case was decided, where the effect of doing so would be to impose a shortened statute of limitations that would serve to bar the plaintiff's claim.
 
 
 19
 Id. at 559. Concerned that plaintiffs would be prejudiced by the substitution of a shortened limitations period when they had relied on a longer time limit, we held that
 
 
 20
 the limitation period for causes of action arising prior to Wilson shall be either (1) the pre-Wilson period, commencing at the time the cause of action arises, or (2) the post-Wilson period, commencing with the Wilson decision, whichever expires first.
 
 
 21
 Id. at 561. Such a rule guarantees that plaintiffs will be able to take advantage of either the limitations period that existed when their cause of action accrued or a full shortened period commencing with the date of the announcement of the new rule. Thus a plaintiff's claim cannot be extinguished because he failed to comply with a limitations period prior to the date it was announced. At the same time, the rule does not grant a plaintiff any greater time to file after the announcement than the time permitted under the new limitations period.
 
 
 22
 We now adopt an analogous rule in the labor context. The limitation period for RLA actions arising prior to Aloha shall be either (1) the pre-Aloha period, commencing at the time the cause of action accrued, or (2) the post-Aloha period (six months), commencing with the date of the Aloha decision, whichever expires first.
 
 
 23
 In this case, appellants' cause of action accrued on August 1, 1985, prior to Aloha. Under state law, which governed such actions before our Aloha decision, they had until August 1, 1987, to file suit. Aloha was decided on February 6, 1986. Thus, under part (2) of our rule they would have until August 6, 1986 (six months from the announcement of Aloha ) to file. Since under the rule we announce today the earlier of the two dates controls, appellants final date to file would be August 6, 1986. Accordingly, their May 9, 1986 filing would be timely.
 
 
 24
 Appellees argue, however, that this action is distinct from the RLA cases in which we have refused to apply Aloha retroactively, because it is a hybrid action. We disagree. Appellees note that at the time this cause of action accrued, other circuits had uniformly applied DelCostello to hybrid actions under the RLA, and we had stated in Barina that the distinction between actions under the LMRA and the RLA was "without import." Barina, 726 F.2d at 563 n. 6. However, our decision in Aloha not to apply our extension of DelCostello retroactively was not based on the fact that Aloha involved a non-hybrid action. As noted above, we stated in Aloha itself that, "[o]ur decision establishes a new principle of law because it extends the rationale in DelCostello to cases arising under the RLA, a question which we have previously not addressed." Aloha, 790 F.2d at 736 (emphasis added). See also Duncan, 838 F.2d at 1506 ("In Aloha, we decided that DelCostello will apply only prospectively in determining the statute of limitations for governing an RLA action.... [Duncan] is not subject to the six-month limitation period adopted for RLA actions by Aloha.") (first emphasis in original, second and third emphases added). Prior to Aloha we had only applied an LMRA statute of limitations to cases involving LMRA claims. Aloha was the first case to apply the LMRA limitations period to RLA claims. It was for this reason that we held that the decision should not be applied retroactively. Accordingly, we read Aloha and Duncan as barring retroactive application of Aloha to all types of RLA actions, including hybrid ones.
 
 
 25
 In view of the above, we hold that appellants' action is not barred by the statute of limitations.[5]
 
 
 26
 REVERSED AND REMANDED.
 
 
 
 [1]
 Originally, Sec. 10(b) was passed as part of the National Labor Relations Act. The Act was amended, supplanted, and recodified. It is now entitled the "Labor Management Relations Act, 1947." 29 U.S.C. Sec. 141 et seq
 
 
 [2]
 In Klemens v. Airline Pilots Ass'n, International, 736 F.2d 491, 499 n. 7 (9th Cir.), cert. denied, 469 U.S. 1019, 105 S.Ct. 435, 83 L.Ed.2d 362 (1984), decided in April of 1984, we declined to determine whether DelCostello applied to actions involving the RLA
 
 
 [3]
 Every circuit that has considered the appropriate statute of limitations for hybrid or fair representation actions under the RLA has similarly concluded that the policies and interests identified by the DelCostello Court in the context of hybrid actions under the LMRA apply with equal force to such actions under the RLA. These circuits have therefore all adopted a uniform federal limitations period for RLA hybrid or fair representation actions. See, e.g., Smallakoff v. Air Line Pilots Ass'n, International, 825 F.2d 1544, 1546 (11th Cir.1987); Triplett v. Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, Local Lodge No. 308, 801 F.2d 700, 702 (4th Cir.1986); Brock v. Republic Airlines, Inc., 776 F.2d 523, 525-26 (5th Cir.1985); Dozier v. Trans World Airlines, Inc., 760 F.2d 849, 851 (7th Cir.1985); Linder v. Berge, 739 F.2d 686, 689 (1st Cir.1984); Barnett v. United Airlines, Inc., 738 F.2d 358, 363-64 (10th Cir.), cert. denied, 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984); Welyczko v. U.S. Air, Inc., 733 F.2d 239, 240 (2d Cir.), cert. denied, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); Sisco v. Consolidated Rail Corp., 732 F.2d 1188, 1192 (3d Cir.1984); Hunt v. Missouri Pacific R.R., 729 F.2d 578, 581 (8th Cir.1984)
 
 
 [4]
 Aloha was initially decided on February 6, 1986. We subsequently filed an amended opinion on May 21, 1986, which was nearly identical. Appellants argue that we should consider the date of the Aloha decision to be May 21 rather than February 6 (thus barring retroactive application to their May 9 complaint). We have already held, however, that Aloha was announced on February 6, 1986. See Duncan, 838 F.2d at 1509 n. 3
 
 
 [5]
 Appellees have also argued, on appeal and below, that appellants' action is barred by res judicata. The district court, in granting appellees' motion for summary judgment, did not address the res judicata argument. Because we believe this issue involves questions best addressed by the district court, we decline to decide it here. We also decline to address appellee Burlington's argument that the district court's grant of summary judgment amounts to an implicit finding that appellees' emotional distress claim is preempted. We leave these issues for the district court on remand